Fifth Ave. Surgery Ctr. LLC v JJS Group Inc.

2026 NY Slip Op 03066

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Fifth Avenue Surgery Center LLC, Plaintiff-Respondent,

v

JJS Group Inc., Defendant-Appellant.

Decided and Entered: May 14, 2026

Index No. 650796/25|Appeal No. 6631-6632|Case No. 2025-04179, 2025-05016|

Before: Manzanet-Daniels, J.P., Kennedy, Friedman, Gesmer, Rosado, JJ.

The Law Office of Nancy J. Volin, New York (Nancy J. Volin of counsel), for appellant.

Epstein Becker & Green, P.C., New York (James P. Flynn of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about April 16, 2025, which granted plaintiff's motion for a Yellowstone injunction to stay the termination of the lease and denied defendant's cross-motion to dismiss the complaint pursuant to CPLR 3211(a)(1), (5), and (7), unanimously affirmed, with costs. Order, same court and Justice, entered on or about June 13, 2025, which, to the extent appealable, denied defendant's motion to renew, unanimously affirmed, with costs.

Plaintiff established its entitlement to a Yellowstone injunction (see Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave. Assoc., 93 NY2d 508, 514 [1999]). None of defendant's documentary evidence establishes that the parties' 2007 lease never came into existence, as defendant contends. Thus, Yellowstone relief is not precluded, nor is dismissal of the complaint under CPLR 3211(a)(1) or (7) required. The purpose of the Yellowstone injunction is "to preserve the status quo, not to resolve the underlying merits of the parties' dispute" (Gap, Inc. v 44-45 Broadway Leasing Co., LLC, 191 AD3d 549, 550 [1st Dept 2021]). To adopt defendant's assertions at this stage would have required the motion court to go far beyond the pleadings and to accept defendant's contrary and unestablished allegations as true.

The motion court also properly denied defendant's motion to dismiss pursuant to CPLR 3211(a)(5). Defendant relies on a 2014 action in which both plaintiff and defendant were sued. The allegations in this action for Yellowstone relief relate to defendant's notice of termination dated December 30, 2024, which was served more than six years after plaintiff was dismissed from the 2014 action, and several months after the 2014 action was discontinued against the remaining defendant in July 2024. Accordingly, the instant action involves new facts relating to a new transaction with new causes of action that are not barred by res judicata or collateral estoppel (see e.g. O'Brien v City of Syracuse, 54 NY2d 353, 358 [1981]).

In any event, neither the adverse inference order in the 2014 action nor the stipulation of discontinuance has any relevance to the facts here. An adverse inference applies only to the trier of fact in the trial of the action to which the adverse inference applies, and "the effect of an adverse inference is only permissive" (Baez v City of New York, 278 AD2d 83, 84 [1st Dept 2000]). Additionally, it is undisputed that plaintiff had not been a party to the 2014 action for several years when defendant's principal settled the remaining claims in that action with the remaining parties. Plaintiff did not sign the stipulation of discontinuance and consequently is not bound by the statements on which defendant purports to rely (see CPLR 2104). Although a stipulation may have preclusive effect, that is not the case here (cf. Singleton Mgt. v Compere, 243 AD2d 213, 218 [1st Dept 1998]).

[*2]

Also unavailing is defendant's assertion that plaintiff is judicially estopped from arguing that the lease commenced any time other than April 2009. Defendant contends that plaintiff relied on that position in the 2014 action to successfully obtain dismissal of the claim for rescission. However, this Court's 2019 order in that action shows that the rescission claim was dismissed based on standing and "in light of the expenditures [the tenant] made to the premises since it acquired the surgery center in 2009" (Simon v FrancInvest, S.A., 178 AD3d 436, 437 [1st Dept 2019], appeal dismissed 35 NY3d 1057 [2020]). Additionally, this Court's 2021 order in that action shows that plaintiff's argument was that the lease came into effect in December 2010, after the asset purchase sale, consistent with its position in this action (Simon v FrancInvest, S.A., 192 AD3d 565, 567 [1st Dept 2021] ["While the parties disagree on when the closing of the sale of the surgical center took place (whether it was in 2010 or 2011), they do not dispute that the cause of action accrued on the date of the closing"], appeal dismissed 37 NY3d 1005 [2021]). This is not an inconsistent position for judicial estoppel purposes, as plaintiff always maintained that the closing had occurred (see Herman v 36 Gramercy Park Realty Assoc., LLC, 165 AD3d 405, 406 [1st Dept 2018], lv denied 35 NY3d 907 [2020]). Accordingly, none of the documents refute the allegations in the complaint for the purposes of CPLR 3211(a)(1).

We decline to consider the numerous, fact-based arguments raised by defendant for the first time on appeal or that rely on matters outside the record (see Diarrassouba v Consolidated Edison Co. of N.Y. Inc., 123 AD3d 525 [1st Dept 2014]; Simon, 192 AD3d at 568).

The motion court also providently denied defendant's motion to renew based on the Consolidated Edison bill showing that the name on the account for the premises was not changed at any time after plaintiff took occupancy in or about 2010. Even if defendant was somehow unable to access this account when it filed its cross-motion, under section 3.01 of the 2007 lease, plaintiff is required to pay for utilities by reimbursing defendant for those charges, which reflects that defendant controlled the account.

Based on the foregoing, the motion court providently set pendente lite use and occupancy under the 2007 lease rather than the holdover rate under the 2003 lease. It is well settled that the "remedy for any over or underpayment [of use and occupancy] is a speedy trial" (Ballinteer Corp v SNRP W. 37 LLC, 217 AD3d 597, 598 [1st Dept 2023] [internal quotation marks omitted]).

We have considered defendant's remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026